UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,

      Plaintiff,

v.                                        Civil No. 13-3449 (JNE/SER)

Cherry Creek Mortgage Co., Inc.,

      Defendant.

This case is before the Court on Residential Funding Company, LLC's motion to transfer venue. For the reasons set forth below, the Court denies the motion.

Residential Funding was engaged in the business of acquiring and securitizing residential mortgage loans. It acquired loans from correspondent lenders, such as Cherry Creek Mortgage Co., Inc., and distributed the loans by either pooling them with similar loans to sell into residential mortgage-backed securitization (RMBS) trusts or selling them to whole loan purchasers. Facing more than two dozen lawsuits that claimed the loans it had securitized were defective, Residential Funding filed for bankruptcy in May 2012 in the United States Bankruptcy Court for the Southern District of New York. In December 2013, the bankruptcy court approved a settlement of Residential Funding's RMBS-related liabilities. In the few days after the settlement's approval, Residential Funding brought 66 actions, including this one, in the United States District Court for the District of Minnesota.

Invoking the jurisdiction conferred by 28 U.S.C. § 1332 (2012), Residential Funding sued Cherry Creek Mortgage for breach of contract and indemnification. In its

1

Complaint, Residential Funding asserted that "[v]enue is proper in this Court" because "a substantial part of the events and omissions giving rise to this Complaint occurred in Minnesota" and "the parties have contractually agreed that Minnesota is an appropriate venue." On the same day in March 2014, Cherry Creek Mortgage moved to dismiss the action for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and Residential Funding moved to transfer the action to the United States District Court for the Southern District of New York, *see* 28 U.S.C. §§ 1404, 1412 (2012). A few weeks later, Residential Funding filed an Amended Complaint. *See* Fed. R. Civ. P. 15(a)(1). In it, Residential Funding asserted that the Court has jurisdiction over the action under § 1332, as well as 28 U.S.C. § 1334 (2012). Citing its motion to transfer venue, Residential Funding stated that "venue is most appropriate in the United States Bankruptcy Court for the Southern District of New York."[1] It also stated that "venue is . . . proper in [the District of Minnesota] . . . because, among other things, the parties have contractually agreed that Minnesota is an appropriate venue."

In its motion to transfer venue, Residential Funding asserted that transfer to the Southern District of New York is appropriate under either § 1404 or § 1412. Section 1404 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1412 states: "A district court may transfer a case or

---

[1] According to Residential Funding, the action will be automatically referred to the bankruptcy court upon its transfer to the Southern District of New York.

2

proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." According to Residential Funding, "[a]ssessments of the interest of justice, and related factors, are the same under both [s]ections." Residential Funding argued that "transfer will serve the interests of justice by ensuring that all of [its] actions, with their fundamentally common legal, factual, and procedural background, are resolved in one court"; that the interest of justice favors transfer because the bankruptcy court is familiar with the underlying factual, legal, and procedural issues; that transfer will serve the interest of justice because the bankruptcy court retained jurisdiction over the claims asserted in this case; that "considerations of convenience in no way require courts in this District to assume the significant burden of adjudicating dozens of actions that overwhelmingly concern parties, witnesses, and events outside this jurisdiction";[2] and that transfer is appropriate despite any conflicting forum-selection clauses.

Cherry Creek Mortgage opposed the motion. It asserted that analysis of the factors under § 1404 and § 1412 "is essentially the same." Cherry Creek Mortgage argued that a forum-selection clause precludes transfer; that Residential Funding "waived any right to argue that its contractually chosen forum is inconvenient"; that transfer will not promote judicial economy because the bankruptcy court did not retain exclusive jurisdiction over this action, the bankruptcy court has limited authority, and the scores of

---

[2]  It was Residential Funding that brought 66 actions in this District in the span of a few days in December 2013; that stated "its principal place of business [is] in Minneapolis, Minnesota"; and that asserted "a substantial part of the events and omissions giving rise to this Complaint occurred in Minnesota."

cases commenced by Residential Funding do not involve common issues; that Residential Funding's decision to sue in the District of Minnesota weighs against transfer; that it will be less expensive to litigate in Minnesota; that former employees of Residential Funding may be beyond the subpoena power of a court in New York; that the applicability of Minnesota law weighs against transfer; and that the familiarity acquired by the bankruptcy court is not required to resolve the claims asserted by Residential Funding.

In a reply, Residential Funding asserted that transfer will further the interest of justice because the bankruptcy court is familiar with the factual, legal, and procedural issues underlying this action, supervision by the bankruptcy court is beneficial without regard to whether the bankruptcy court can enter final judgment, and the bankruptcy court retained jurisdiction over the claims asserted here.  Residential Funding also stated that convenience factors are "irrelevant" and, if considered, favor transfer.  Finally, Residential Funding reiterated that transfer is appropriate notwithstanding any forum-selection clause.

The Supreme Court recently described how the presence of a valid forum-selection clause alters the usual analysis of a motion to transfer under § 1404(a):

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations.  Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice."
>
> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum."  The "enforcement of valid forum-selection

4

clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways.

 First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the "plaintiff's venue privilege." But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its "venue privilege" before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.

 Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. . . .

 As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is "conceivable in a particular case" that the district court "would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause," such cases will not be common.

 Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581-82 (2013) (alteration in original) (footnotes omitted) (citations omitted). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having

5

localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 581 n.6 (alteration in original).

"The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis.  It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness . . . ." *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990).

According to the Amended Complaint, Cherry Creek Mortgage sold more than 750 mortgage loans to Residential Funding under the terms of a Seller/Servicer Contract, which was attached to the Amended Complaint.  Paragraph 9 of the Seller/Servicer Contract contains the following provisions about jurisdiction and venue:

> Each of the parties irrevocably submits to the jurisdiction of any state or federal court located in Hennepin County, Minnesota, over any action, suit or proceeding to enforce or defend any right under this Contract or otherwise arising from any loan sale or servicing relationship existing in connection with this Contract, and each of the parties irrevocably agrees that all claims in respect of any such action or proceeding may be heard or determined in such state or federal court.  Each of the parties irrevocably waives the defense of an inconvenient forum to the maintenance of any such action or proceeding and any other substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in any such forum.  Each of the parties agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law.  Each of the parties further agrees not to institute any legal actions or proceedings against the other party or any director, officer, employee, attorney, agent or property of the other party, arising out of or relating to this Contract in any court other than as hereinabove specified in this paragraph 9.

Having "irrevocably submit[ted] to the jurisdiction" of this Court, "irrevocably agree[d]" that this action may be heard in this Court, "irrevocably waive[d] the defense of an inconvenient forum . . . and any other substantive or procedural rights or remedies it may have with respect to the maintenance of" this action in this Court, and "agree[d] not to institute" this action "in any court" other than a "state or federal court located in Hennepin County, Minnesota," Residential Funding moved to transfer the action to the Southern District of New York. To the extent Residential Funding argued that convenience factors favor transfer, the Court rejects Residential Funding's argument. *See Atl. Marine Constr.*, 134 S. Ct. at 581-82.

The interest of justice does not favor transfer of this action to the Southern District of New York. Although the representations and warranties that Cherry Creek Mortgage allegedly breached may be similar to or the same as those that form the basis of Residential Funding's claims against other correspondent lenders, resolution of Residential Funding's claims against Cherry Creek Mortgage will ultimately depend on the loans that Cherry Creek Mortgage sold to Residential Funding. The loan-level evaluation distinguishes this action from the others brought by Residential Funding, as well as the bankruptcy proceedings. The Court is not persuaded that the familiarity with Residential Funding acquired by the bankruptcy court is such that transfer of this action to the Southern District of New York is appropriate.

Nor is the Court persuaded that the bankruptcy court's retention of jurisdiction supports transfer of this action to the Southern District of New York. In a case brought against HSBC Mortgage Corp. (USA), Residential Funding itself asserted that it was not

7

bound by the bankruptcy court's retention of jurisdiction to file suit in the bankruptcy court.  Residential Funding sued HSBC in Minnesota's Fourth Judicial District,[3] HSBC removed the action from state court, and HSBC moved to transfer the case to the bankruptcy court in the Southern District of New York.  In its motion, HSBC argued that Residential Funding was bound by the bankruptcy court's retention of jurisdiction. Memo. in Support of Motion to Transfer Venue at 12-13, *Residential Funding Co., LLC v. HSBC Mortg. Corp. (USA)*, Civil No. 14-144 (D. Minn. Jan. 16, 2014).  Although it agreed that the case should be transferred, Residential Funding did not agree that it was bound by the bankruptcy court's retention of jurisdiction to file suit there:

> ResCap's Chapter 11 plan provides for the S.D.N.Y. Bankruptcy Court's post-confirmation jurisdiction for claims retained by RFC, including claims for indemnity.
>
> While the Trust and RFC do not agree for purposes of HSBC's motion that RFC was "bound by" that provision to file this action in S.D.N.Y. Bankruptcy Court in the first instance, they do agree that the plan's post-confirmation jurisdiction provision supports transfer under § 1412 . . . .

Plaintiff's Memo. in Response to and Support of HSBC's Motion to Transfer Venue at 2-3, *Residential Funding Co., LLC v. HSBC Mortg. Corp. (USA)*, Civil No. 14-144 (D. Minn. Feb. 20, 2014) (citations omitted).  Residential moved to transfer this action less than two weeks after it had responded to HSBC's motion, arguing that the bankruptcy court "retained exclusive jurisdiction over the specific causes of action that [Residential Funding] is now pursuing."  In any case, Residential Funding asserted here that the

---

[3] In addition to the dozens of actions that Residential Funding brought in the District of Minnesota, Residential Funding brought actions in the state courts of Minnesota and New York, as well as the Southern District of New York.

bankruptcy court's retention of jurisdiction became effective after it had commenced this action. Moreover, a liquidating trust agreement provides, "[N]otwithstanding . . . anything to the contrary set forth in the Plan, the Liquidating Trust Board shall have power and authority to bring (or cause to be brought) any action in any court of competent jurisdiction to prosecute any Liquidating Trust Causes of Action." Residential Funding did not dispute Cherry Creek Mortgage's assertion that "[t]he claims asserted here are 'Liquidating Trust Causes of Action.'"

The Court concludes that transfer of this action to the Southern District of New York would not serve the convenience of the parties, the convenience of witnesses, or the interest of justice. The Court therefore denies Residential Funding's motion to transfer venue.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Residential Funding's motion to transfer venue [Docket No. 15] is DENIED.

Dated: April 29, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

9