UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Residential Funding Company, LLC,

        Plaintiff,

v.                                                          Civil No. 13-3449 (JNE/SER)
                                                            ORDER
Cherry Creek Mortgage Co., Inc.,

        Defendant.

Residential Funding Company, LLC,

        Plaintiff,

v.                                                          Civil No. 13-3470 (JNE/FLN)
                                                            ORDER
Fremont Bank,

        Defendant.

Residential Funding Company, LLC,

        Plaintiff,

v.                                                          Civil No. 13-3474 (JNE/TNL)
                                                            ORDER
Colonial Savings, F.A.,

        Defendant.

Residential Funding Company, LLC,

        Plaintiff,

v.                                                          Civil No. 13-3492 (JNE/FLN)
                                                            ORDER
Mortgage Capital Associates, Inc.,

        Defendant.

Residential Funding Company, LLC,

        Plaintiff,

v.                                         Civil No. 13-3506 (JNE/SER)
                                         ORDER

Impac Funding Corporation,

        Defendant.

---

David Elsberg and Isaac Nesser, Quinn Emanuel Urquhart & Sullivan, LLP, and Donald Heeman, Felhaber Larson, appeared for Residential Funding Company, LLC.

James M. Jorissen and Eldon J. Spencer, Jr., Leonard, O'Brien, Spencer, Gale & Sayre, Ltd., appeared for Cherry Creek Mortgage Co., Inc., and Fremont Bank.

Mark G. Schroeder, Briggs & Morgan, P.A., appeared for Colonial Savings, F.A.

Charles Schoenwetter, Bowman & Brooke LLP, appeared for Mortgage Capital Associates, Inc.

Erin Sindberg Porter and Katherine M. Swenson, Greene Espel PLLP, appeared for Impac Funding Corporation.

---

Residential Funding was engaged in the business of acquiring and securitizing residential mortgage loans.  It acquired loans from correspondent lenders and distributed the loans by either pooling them with similar loans to sell into residential mortgage-backed securitization (RMBS) trusts or selling them to whole loan purchasers.  Facing several lawsuits that claimed the loans it had securitized were defective, Residential Funding filed for bankruptcy in May 2012.  In December 2013, the bankruptcy court approved a settlement of Residential Funding's RMBS-related liabilities.  In the few days after the settlement's approval, Residential Funding brought more than sixty actions in

the District of Minnesota.  Motions to dismiss in five of them are before the Court.  *See*

Fed. R. Civ. P. 12(b)(6).[1]  For the reasons set forth below, the Court denies the motions.

The actions that Residential Funding brought in this District in the wake of the

bankruptcy court's approval are similar to one another.  Motions to dismiss in several of

the actions have been made, and the motions have met with limited success.  In some

cases, the motions have been denied.  *E.g.*, *Residential Funding Co. v. Stearns Lending,*

*Inc.*, Civil No. 13-3516, 2014 WL 4186486 (D. Minn. Aug. 22, 2014); *Residential*

*Funding Co. v. Terrace Mortg. Co.*, Civil No. 13-3517, 2014 WL 3952291 (D. Minn.

Aug. 12, 2014); *Residential Funding Co. v. Wallick & Volk, Inc.*, Civil No. 13-3512,

2014 WL 3955257 (D. Minn. Aug. 12, 2014); *Residential Funding Co. v. First Mortg.*

*Corp.*, Civil No. 13-3490 (D. Minn. Aug. 1, 2014).  In other cases, the motions were

granted as to Residential Funding's claims for breach of contract (or breach of warranty)

insofar as the claims are based on loans sold or assigned before May 14, 2006, and

otherwise denied.  *Residential Funding Co. v. Americash*, Civil No. 13-3460, 2014 WL

3577312 (D. Minn. July 21, 2014); *Residential Funding Co. v. Mortg. Access Corp.*,

Civil No. 13-3499, 2014 WL 3577403 (D. Minn. July 21, 2014).  And in some cases,

Residential Funding's claims for breach of contract were dismissed with prejudice insofar

as they were based on loans sold before May 14, 2006; its remaining claims were

dismissed without prejudice.  *Residential Funding Co. v. Embrace Home Loans, Inc.*,

Civil No. 13-3457, 2014 WL 2766114 (D. Minn. June 18, 2014).

---

[1]     The Court excludes matters outside the pleadings that have been presented in
connection with the Rule 12(b)(6) motions.  *See* Fed. R. Civ. P. 12(d).

The five motions to dismiss that are before the Court present arguments that are similar to those addressed in the decisions cited above.  In addition, Impac Funding argued that it did not agree to assume liability for loans sold by Pinnacle Direct Funding Corporation to Residential Funding, that it is not a successor to Pinnacle Direct Funding under the theories of de facto merger or mere continuation, and that Residential Funding assigned its rights under the contract between Residential Funding and Pinnacle Direct Funding to other entities.  The materials on which Impac Funding relied to support its arguments are not properly before the Court at this stage of the litigation.  *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003).  As to the issues of de facto merger or mere continuation, Impac Funding relied on Minnesota law.  But Impac Funding has not adequately demonstrated that Minnesota law applies to the issues. For these reasons and essentially those set forth in cases such as *Stearns Lending* and *First Mortgage*, the Court denies the motions to dismiss.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.   Cherry Creek Mortgage's motion to dismiss [Docket No. 32 in Civil No. 13-3449] is DENIED.

2.   Fremont Bank's motion to dismiss [Docket No. 32 in Civil No. 13-3470] is DENIED.

3.   Colonial Savings' motion to dismiss [Docket No. 36 in Civil No. 13-3474] is DENIED.

4.   Mortgage Capital Associates' motion to dismiss [Docket No. 50 in Civil No. 13-3492] is DENIED.

5.      Impac Funding's motion to dismiss [Docket No. 39 in Civil No. 13-3506] is
        DENIED.

Dated: September 15, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge